BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
BENJAMIN GRUSH (SBN 335550)
bgrush@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Defendant MORGAN
KAMAL MAJED p/k/a FROGAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TED ENTERTAINMENT, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MORGAN KAMAL MAJED p/k/a FROGAN, an individual, and DOES 1-10,<br><br>　　　　Defendants. | Case No. 2:25-cv-5565-JFW<br><br>*Hon. John F. Walter*<br><br>**JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE IN ADVANCE OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT**<br><br>Action filed:　　June 19, 2025 |

1

FROST

Pursuant to the Court's Standing Order (ECF No. 11) and Local Rule 7-3, Plaintiff Ted Entertainment, Inc. ("TEI") and Defendant Morgan Kamal Majed p/k/a Frogan ("Frogan") (collectively, the "Parties"), by and through their respective counsel of record, respectfully submit this Joint Statement regarding their 7-3 Conference in advance of Frogan's Motion to Set Aside Default pursuant to Federal Rules of Civil Procedure 55(c) ("Motion").

On July 13, 2026, counsel for TEI, Mr. Rom Bar-Nissim, and counsel for Frogan, Mr. Benjamin Grush, spoke over the phone for approximately 18 minutes to discuss the substance of Frogan's anticipated Motion and TEI's Application for Default Judgment ("Application," ECF No. 19). Almost all of the grounds raised by Frogan are the same as those the Parties previously met and conferred about thoroughly. To provide the opportunity for further discussion, the Parties filed a joint stipulation to continue the hearing on TEI's Application to September 28, 2026, which the Court granted on July 15, 2026. (ECF Nos. 23 & 24).

On July 20, 2026, Mr. Bar-Nissim and Mr. Grush spoke again over the phone for approximately seven minutes regarding the anticipated Motion and pending Application.

On August 3, 2026, Mr. Bar-Nissim, Mr. Benjamin Kassis (Lead Trial Counsel for Frogan), and Mr. Grush met in person at Frogan's counsel's office for approximately 30 minutes to discuss Frogan's anticipated Motion. Counsel for the Parties were able to narrow some of the issues on the anticipated Motion and come to a consensus on a few other related items. First, TEI agreed to stipulate with respect to the first factor under the "good cause" standard, prejudice, so long as Frogan represented that she preserved all relevant evidence in connection with this matter. Frogan makes this representation and, in reliance upon this representation, TEI agrees that prejudice is not in dispute because it is not aware of any other potential cognizable prejudice under Rule 55(c). Second, TEI agreed that it would waive any argument regarding prejudice for any purported delay after July 10, 2026 for waiting to file the

2

Motion due to Mr. Bar-Nissim's pre-arranged travel and the parties prior meet and confer efforts. Third, TEI also agreed to withdraw its pending Application without prejudice pending the Court's determination of Frogan's anticipated Motion.[1] Last, the Parties agreed to the following hearing and briefing schedule:

(1) on August 14, 2026, Frogan will file her Motion,

(2) on August 28, 2026, TEI will file its Opposition to Frogan's Motion,

(3) on September 4, 2026, Frogan will file her Reply in Support of her Motion, and

(4) the Motion will be heard on September 28, 2026 at 1:30 p.m. instead of the Application.

During the calls and in-person meeting, Frogan's counsel raised the following factual and legal arguments pertaining to Frogan's anticipated Motion.

**Frogan's Positions and Arguments Regarding Motion to Set Aside Default**

Frogan asserts that she can demonstrate that good cause exists under the three factors.

(1) **No Prejudice to TEI**.[2] There is no prejudice to set aside the default. There is no risk of lost or degraded evidence because both videos that are issue and necessary for making a fair use determination—TEI's documentary titled *Content Nuke: Hasan Piker* ("The Nuke") and Frogan's January 31, 2025 live reactionary video broadcast ("Livestream")—were lodged with the Court the same day the action was filed. (ECF No. 6). Furthermore, the action is still at the pleading stage and no scheduling conference or Rule 26(f) conference has been completed.

---

[1] Mr. Bar-Nissim first mentioned withdrawing the Application by stipulation on July 24, 2026, but reaffirmed his willingness during the August 3, 2026 meeting.

[2] Since TEI stipulated that there is no prejudice, Frogan does not intend to make this argument in the Motion.

JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE IN ADVANCE OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT

(2) **Meritorious Defense**. Frogan has a meritorious fair use defense. A court in the Central District of California recently found that a similar live video broadcast constitutes fair use of The Nuke, which is the same original work at issue in this matter. *See Ted Ent., Inc. v. Saber*, No. 2:25-CV-05564-WLH-PD, 2026 WL 2140274, at *9 (C.D. Cal. June 29, 2026). In *Saber*, TEI alleged that the defendant had infringed on The Nuke by recording a reactionary live video broadcast of The Nuke. *Id.* at *1–2. The court granted defendant's motion for judgment on the pleadings based on the fair use defense because, among other things, the defendant had transformed the video through pausing The Nuke to provide commentary. *Id.* at *3-9. The facts are even stronger here for a finding of fair use because when she was not pausing The Nuke to add commentary during the Livestream, Frogan played portions of The Nuke at 1.5 to 1.75 speed. (Compl. ¶ 62.c).

(3) **Culpable Conduct**. Frogan had not engaged in culpable conduct because there is no evidence of bad faith or willful intent to ignore this action. Rather, the Parties entered into a joint stipulation to extend the pleading deadline to October 3, 2026 in order to engage in settlement discussions, which the Court granted. (ECF Nos. 13 & 14). Counsel for the Parties engaged in settlement conversations for several months. Furthermore, Frogan's previous counsel could no longer represent her and she retained new counsel to help set aside the clerk's default. (ECF No. 23).

**TEI's Positions and Arguments Regarding Motion to Set Aside Default**

TEI asserts that Frogan cannot demonstrate good cause for the following reasons:

(1)  **Culpable Conduct**: Frogan's default was intentional act because she believed default judgment would be more favorable than any potential settlement. This is evidenced by Frogan's own public statements and statements of her prior counsel to TEI's counsel. Further, TEI gave Frogan notice it intended to enter default. Frogan changed her litigation strategy only after the *Saber* decision and after TEI filed its application for default judgment.

4

(2)   **No Meritorious Defense**: Frogan's use of the work at issue cannot constitute a fair use. Frogan hosted a watch party of The Nuke by commercially exploiting it in its entirety immediately upon release when public interest was at its apex. Frogan's statements either lacked a critical bearing on the original or their extent was insufficient to justify commercially exploiting an entire copyrighted work immediately upon release. Frogan even went off camera and let the work play to her audience for several minutes uninterrupted. Frogan even argued with her audience who criticized her noted the lack of commentary on The Nuke. *Saber* is not only inapposite, but it is in direct conflict with the Supreme Court's decision in *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023) and other long standing precedent. TEI's notice of appeal of the decision was filed on August 4, 2026.

DATED:  August 5, 2026          **FROST LLP**


By:      /s/Benjamin Kassis
         BENJAMIN KASSIS
         BENJAMIN GRUSH
         DAVID TIRATURYAN
         Attorneys for Defendant MORGAN
         KAMAL MAJED p/k/a FROGAN

DATED:  August 5, 2026          **HEATH BAR-NISSIM LLP**


By:      /s/Rom Bar-Nissim
         ROM BAR-NISSIM
         Attorney for Plaintiff TED
         ENTERTAINMENT, INC.

JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE IN ADVANCE OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT

## **L.R. 5-4.3.4 Attestation**

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE IN ADVANCE OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT