BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
BENJAMIN GRUSH (SBN 335550)
bgrush@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Defendant
MORGAN KAMAL MAJED p/k/a
FROGAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TED ENTERTAINMENT, INC., a California Corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>MORGAN KAMAL MAJED p/k/a FROGAN, an individual, and DOES 1-10,<br><br>        Defendants. | Case No. 2:25-cv-05565-JFW-MAA<br><br>*Hon. John F. Walter*<br><br>**DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. P. 55(c)]**<br><br>Hearing Information:<br>Judge:   Hon. John F. Walter<br>Date:     September 28, 2026<br>Time:     1:30 p.m.<br>Crtrm.:   7A<br><br>Action Filed: June 19, 2025 |

FROST

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

**TO ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 28, 2026, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 7A of the Felicitas and Gonzalo Mendez United States Courthouse, located at 350 W. First Street, Los Angeles, California 90012, before the Honorable John F. Walter, Defendant Morgan Kamal Majed p/k/a Frogan ("Defendant" or "Frogan") will and hereby does move for an order setting aside the default entered by the Clerk (ECF No. 16) on May 20, 2026 and granting Frogan leave to file the responsive pleading within fourteen days of the Court's order setting aside the default.

This Motion is made pursuant to Federal Rule of Civil Procedure 55(c) on the grounds that good cause exists to set aside the Clerk's entry of default as to Frogan.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declarations of Frogan, Bahram Niknia, Benjamin Kassis, and Benjamin Grush and all exhibits thereto, the Request for Judicial Notice, all pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 3, 2026. Counsel for the parties conferred in person regarding the substance of this Motion, including whether Plaintiff Ted Entertainment, Inc. ("TEI") would stipulate to set aside the default and thereby obviate the need for this Motion and for further proceedings on TEI's Application for Default Judgment. Despite counsel's meaningful exchange, the parties were unable to reach a resolution that eliminates the necessity for this Motion. The Parties' joint statement regarding the conference was filed on August 5, 2026 (ECF No. 27) pursuant to Paragraph 5(b) of this Court's Standing Order (ECF No. 11).

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

DATED: August 14, 2026   FROST LLP


By:   */s/ Benjamin Kassis*
     BENJAMIN KASSIS
     BENJAMIN GRUSH
     DAVID TIRATURYAN
     Attorneys for Defendant
     MORGAN KAMAL MAJED p/k/a
     FROGAN

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

# **TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................1

II.   BACKGROUND ...................................................................................................3

    A.   Factual Background..................................................................................3

    B.   Procedural Background ...........................................................................4

III.  LEGAL STANDARD ...........................................................................................6

IV.   THE COURT SHOULD SET ASIDE THE DEFAULT. ......................................7

    A.   TEI Will Not Suffer Prejudice If the Default Is Set Aside. ...................7

    B.   Frogan Has Meritorious Defenses to TEI's Infringement Claim..................8

        1.   This District Has Already Held That Substantially Similar Allegations Establish Fair Use....................................................8

        2.   TEI Pleads the Same Admissions Here As in Saber...........................11

    C.   Frogan Did Not Engage in Culpable Conduct. .....................................13

V.    CONCLUSION ...................................................................................................16

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Audio Toys, Inc. v. Smart AV Pty Ltd.*,
No. C 06-6298 SBA, 2007 WL 1655793 (N.D. Cal. June 7, 2007)......................8

*Bonita Packing Co. v. O'Sullivan*,
165 F.R.D. 610 (C.D. Cal. 1995)..........................................................7, 16

*Brandt v. Am. Bankers Ins. Co. of Fla.*,
653 F.3d 1108 (9th Cir. 2011) ....................................................................7

*Cmty. Dental Servs. v. Tani*,
282 F.3d 1164 (9th Cir. 2002) ....................................................................7

*Cracco v. Vitran Exp., Inc.*,
559 F.3d 625 (7th Cir. 2009) .....................................................................7

*DIRECTV, Inc. v. Hoa Huynh*,
503 F.3d 847 (9th Cir. 2007) .....................................................................9

*Dr. Seuss Enters., L.P. v. ComicMix LLC*,
983 F.3d 443 (9th Cir. 2020) ...................................................................10

*Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*,
109 F.3d 1394 (9th Cir. 1997) .................................................................12

*Equals Three, LLC v. Jukin Media, Inc.*,
139 F. Supp. 3d 1094 (C.D. Cal. 2015)......................................................10

*Falk v. Allen*,
739 F.2d 461 (9th Cir. 1984) (per curiam)...................................................7

*Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*,
375 F.3d 922 (9th Cir. 2004) .....................................................................6

*Geddes v. United Fin. Grp.*,
559 F.2d 557 (9th Cir. 1977) (per curiam)...................................................9

*GS Holistic, LLC v. One Stop Vape*,
No. 222CV04628SVWAGR, 2023 WL 2627006 (C.D. Cal. Feb. 23, 2023) ......................................................................................................15

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

*Harvey v. Peter Lang Pub., Inc.*,
   No. 09-01391 JSW, 2009 WL 2044701 (N.D. Cal. July 9, 2009) ....................... 15

*Hawaii Carpenters' Tr. Funds v. Stone*,
   794 F.2d 508 (9th Cir. 1986) ................................................................ 2, 7, 8, 9

*Hosseinzadeh v. Klein*,
   276 F. Supp. 3d 34 (S.D.N.Y. 2017) ...................................................... 10

*Hunter v. TBDC, LLC*,
   No. C-08-4158 EMC, 2009 WL 224958 (N.D. Cal. Jan. 29, 2009) ................... 15

*Jones v. Phipps*,
   39 F.3d 158 (7th Cir. 1994) ...................................................................... 12

*Mendoza v. Wight Vineyard Mgmt.*,
   783 F.2d 941 (9th Cir. 1986) ...................................................................... 3

*Olaplex LLC v. Groupon, Inc.*,
   No. CV 18-8641 PA, 2019 WL 9042623 (C.D. Cal. Mar. 28, 2019) ................. 15

*Old Republic Union Ins. Co. v. LiveOne, Inc.*,
   No. 2:24-CV-09759-ODW, 2025 WL 1918669 (C.D. Cal. July 10,
   2025) ........................................................................................................ 15

*Schwab v. Bullock's Inc.*,
   508 F.2d 353 (9th Cir. 1974) ...................................................................... 3

*Smith v. Compton*,
   No. CV 22-8439-MWF, 2024 WL 3973028 (C.D. Cal. June 24,
   2024) ........................................................................................................ 12

*Stebbins v. Alphabet Inc.*,
   No. 22-CV-00546-JSW, 2025 WL 2233208 (N.D. Cal. July 2, 2025) ............... 10

*In re Stone*,
   588 F.2d 1316 (10th Cir. 1978) ................................................................... 9

*Stuart v. Cnty. of Riverside*,
   No. 522CV00701SPGJEM, 2022 WL 19914302 (C.D. Cal. Oct. 31,
   2022) ........................................................................................................ 12

*TCI Grp. Life Ins. Plan v. Knoebber*,
   244 F.3d 691 (9th Cir. 2001) .............................................................. 8, 9, 13, 14, 15

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

*Ted Ent., Inc. v. Saber*,
   No. 2:25-CV-05564-WLH-PD, 2026 WL 2140274 (C.D. Cal. June
   29, 2026) .................................................................................2, 8, 9, 10, 11, 12, 14

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*,
   615 F.3d 1085 (9th Cir. 2010) .................................................................. 7, 13, 16

*Weinberg v. Dirty World, LLC*,
   No. 16-9179, 2017 WL 5665023 (C.D. Cal. July 27, 2017) ............................... 11

**Statutes**

17 U.S.C. § 106 ...............................................................................................................4

17 U.S.C. § 107 ........................................................................................................... 1, 4

**Other Authorities**

C.D. Cal. R. 83-1.3.1 ......................................................................................................9

Fed. R. Civ. P.
   12(b)(6) .....................................................................................................................9
   12(c) ......................................................................................................................2, 9
   55(c) ........................................................................................................ 1, 5, 6, 7, 16
   60(b) ............................................................................................................... 6, 7, 16

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

At its core, this case is about a legacy online content creator, Ethan Klein, attempting to silence his critics. The critic here, Morgan Kamal Majed p/k/a Frogan ("Frogan"), is the defendant in this case. She is a young, outspoken political activist who posted a livestream video online reacting to Klein's documentary *Content Nuke: Hasan Piker* ("The Nuke"), which he produced through his entity, Ted Entertainment, Inc. ("TEI"), and released on his YouTube channel in January 2025. The Nuke consists of Klein's critiques of prominent political commentator Hasan Piker, the widely used streaming platform Twitch,[1] and other Twitch streamers including Frogan.

After The Nuke was published on YouTube and several content creators on Twitch (including Frogan) released their critical live "reactions" to it, TEI sued Frogan and two other popular streamers for copyright infringement. In the complaints, including the Complaint against Frogan, TEI alleges Frogan's and the other defendants' livestream reaction videos to The Nuke were "transformative," but contends their transformativeness lacked sufficiently lengthy, substantive, and accurate criticism to constitute "fair use" under 17 U.S.C. § 107. In order to have the opportunity to defend her free speech rights, Frogan respectfully requests relief under Rule 55(c) to set aside the default so that she may have her day in court to contest TEI's claims and present her fair use defense.

As explained further below, good cause exists to set aside the default against Frogan under each of the three governing factors: (1) setting aside the default would

---

[1] Twitch is an interactive livestreaming platform that allows individuals to broadcast videos over the Internet. Most videos function similar to a live television show, where the host interacts directly with the viewer during their broadcast by reading their comments and responding. *See About*, Twitch, https://www.twitch.tv/p/en/about/ (last visited Aug. 12, 2026).

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

not prejudice TEI, (2) Frogan has a meritorious defense, and (3) Frogan's conduct was not culpable.

*First*, TEI has stipulated that setting aside the default would not cause any prejudice and therefore this factor strongly favors setting aside the default against Frogan. (ECF Nos. 28, 29.)

*Second*, Frogan has a meritorious fair use defense against TEI's claim. Her use of The Nuke is transformative, as she paused the work throughout to add extensive commentary and played it between 1.5 to 1.75 times the film's original speed. Given Frogan's constant interjections of critiques, her "highly transformative" livestream reaction operates in a completely separate market that attracts viewers who would never participate in any market for The Nuke. In fact, this District recently granted a Rule 12(c) motion with prejudice involving the *same* plaintiff (TEI), the *same* underlying work (The Nuke), and the *same* general type of use (a livestreamed critical reaction). *Ted Ent., Inc. v. Saber*, No. 2:25-CV-05564-WLH-PD, 2026 WL 2140274, at *1–2 (C.D. Cal. June 29, 2026). There, the defendant (Twitch streamer "Denims") posted a similar livestream reaction, pausing The Nuke repeatedly to commentate and engage with the audience's comments in real time. *Id.* at *2–4.

Independent of the recent and clearly apposite precedent from this District, there is no question Frogan has a meritorious fair use defense to TEI's infringement claim for purposes of setting aside the default, as is evident from the livestream itself, which TEI lodged with the Court and incorporated into its Complaint (ECF No. 6, Ex. H; Compl. ¶ 62 & n.41, ECF No. 1), and from the applicable legal principles, including those applied in *Saber*. *See Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) ("The underlying concern … is to determine whether there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." (emphasis added)).

*Third*, Frogan's conduct was not "culpable" under the Ninth Circuit's narrow governing legal definition of the term because Frogan did not act in bad faith. Initially,

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

TEI and Frogan stipulated to extend the pleading deadline from August 4, 2025 to October 3, 2025, which the Court granted. From August 5, 2025 through April 20, 2026, it is undisputed the parties engaged in good faith settlement negotiations. On April 20, 2026, TEI's counsel informed Frogan's former counsel that it would request default if Frogan did not respond to the Complaint by May 11, 2026. On May 8, 2026, Frogan's prior counsel ceased representing her. Once she was informed that her prior counsel could no longer represent her, she immediately set about finding replacement counsel. In the interim, on May 19, 2026, TEI requested entry of default, which the Clerk entered the following day.

Despite Frogan's efforts, she was not able to secure new counsel until July 9, 2026; then, on July 14, 2026, Frogan, through her new counsel, filed a stipulation setting forth the briefing schedule for this Motion. At bottom, the evidence belies the notion that Frogan intentionally failed to answer the Complaint or simply ignored the lawsuit; to the contrary, Frogan initially sought to informally resolve the claim, but then failed to reach a deal, lost her attorney, then inadvertently failed to file a formal response, found new counsel, and now seeks to defend herself against TEI's claim— all within a relatively short time frame.

For these reasons, Frogan respectfully requests that the Court set aside the default entered by the Clerk so that this case may proceed to a resolution on the merits. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) ("Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." (alterations in original) (quoting *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974))).

## II.     BACKGROUND

### A.     Factual Background

TEI contends that Frogan infringed on TEI's copyrighted work titled *Content Nuke: Hasan Piker* by recording a live reaction video to the work ("Livestream") on

3

the streaming platform Twitch. (Compl. ¶¶ 2, 5.) The Nuke is a "tragi-comic documentary" produced by TEI—a company owned by internet personalities Ethan and Hila Klein—that was publicly released on TEI's YouTube channel on January 31, 2025. (*Id.* ¶¶ 12, 38, 40, 42.b.) The Nuke provides critiques of Twitch, political commentator Hasan Piker, and other Twitch content creators including Frogan. (*Id.* ¶ 40.) TEI alleges, among other things, that Frogan displayed a substantial portion of The Nuke in the Livestream with an insufficient amount of commentary. (*Id.* ¶¶ 62.c, 64.) The Complaint also highlights that Frogan played The Nuke at 1.5 to 1.75 speed throughout the Livestream. (*Id.* ¶ 62.c.) TEI categorizes the Livestream as a "group viewing session" that constituted an unauthorized reproduction of The Nuke in violation of 17 U.S.C. § 106. (Compl. ¶ 69.)

The Complaint asserts a single claim against Frogan for direct copyright infringement based on the Livestream. (*Id.* ¶¶ 66–72.) The remaining claim, for contributory infringement, is directed only at Doe defendants alleged to be moderators of a Reddit community. (*Id.* ¶¶ 73–78.) Anticipating a fair use defense, the Complaint devotes more than twenty pages to arguing that Frogan's stream does not qualify as one under 17 U.S.C. § 107. (*Id.* ¶¶ 44–65.) TEI alleges the infringement was willful (*id.* ¶ 72) and seeks statutory damages of $150,000 or, alternatively, profits and losses to be proven at trial, together with attorneys' fees and costs. (Compl. at 63, Prayer ¶¶ a–b.)

**B.**     **Procedural Background**

Frogan was served with the Summons and Complaint by substituted service on July 14, 2025, making her initial deadline to respond August 4, 2025. (Proof of Service, ECF No. 12.) On August 5, 2025, the Parties stipulated to extend that deadline to October 3, 2025. (Declaration of Morgan Kamal Majed ("Frogan Decl.") ¶ 4; Joint Stip. Extending Def.'s Deadline to Respond to Compl., ECF No. 13.) The Court entered an order granting the stipulation on the same day. (ECF No. 14.)

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

From August 5, 2025 through April 20, 2026, the Parties engaged in settlement negotiations. (Frogan Decl. ¶ 5; Bar-Nissim Decl. ISO Req. for Entry of Default ¶ 5, ECF No. 15-1.) Those negotiations subsequently failed, and on April 20, 2026, TEI informed Frogan that it would request default if Frogan did not respond to the Complaint by May 11, 2026. (Frogan Decl. ¶ 5; Bar-Nissim Decl. ISO Req. for Entry of Default ¶ 5, ECF No. 15-1.)

During that window and in late April 2026, Mr. Bahram Niknia (Frogan's former counsel) could no longer represent her due to his existing professional obligations and current case load. (Declaration of Bahram Niknia ("Niknia Decl.") ¶¶ 2, 4; Frogan Decl. ¶ 6.) Mr. Niknia ceased his representation of Frogan in this action on May 8, 2026, *i.e.*, three days before TEI's new deadline. (Niknia Decl. ¶ 5.) Frogan immediately attempted to secure new counsel to represent her in this action. (Frogan Decl. ¶ 6.) Before Frogan was able to secure new counsel, TEI requested entry of default on May 19, 2026, and the Clerk entered default the following day, May 20, 2026. (*Id.* ¶ 7; ECF Nos. 15, 16.)

Frogan continued to contact lawyers for possible representation. (Frogan Decl. ¶ 8.) She initially reached out to FROST LLP on June 5, 2026. (*Id.*; Declaration of Benjamin Grush ("Grush Decl.") ¶ 2.) On June 29, 2026, TEI filed its Application for Default Judgment. (ECF No. 17.) TEI refiled its Renewed Application the next day, June 30, 2026, and also filed a notice of errata correcting the noticed hearing date for August 17, 2026. (ECF Nos. 19, 20.)

After securing financing, Frogan retained undersigned counsel on July 9, 2026. (Frogan Decl. ¶ 9; Grush Decl. ¶ 3.) The following day, Frogan's new counsel contacted TEI's counsel to ask whether it would stipulate to set aside the default. (Grush Decl. ¶ 4.) On July 13, 2026, the Parties met and conferred regarding a potential stipulation, Frogan's anticipated motion under Rule 55(c), and TEI's pending Renewed Application. (*Id.* ¶¶ 5–7.) Counsel entered appearances on behalf of Frogan on July 14, 2026. (ECF Nos. 21, 22.) That same day, the Parties filed a

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

stipulation to continue the hearing on TEI's Renewed Application to September 28, 2026, so they could explore whether the matter could be resolved by stipulation to avoid unnecessary motion practice, and jointly represented that no other deadline would be affected or prejudiced by the continuance. (*See* ECF No. 23 at 2–3.) The Court granted the stipulation on July 15, 2026. (ECF No. 24.)

On July 20, 2026, counsel for the Parties conferred telephonically again regarding a potential stipulation to set aside the default. (Grush Decl. ¶¶ 9, 10.) They were unable to reach a resolution, but discussed a potential briefing schedule for this Motion and the pending Renewed Application. (*Id.* ¶ 10.) A few days later, TEI notified Frogan that it would withdraw its Application pending the resolution of the Motion. (*Id.* ¶ 13.)

Subsequently, on August 3, 2026, counsel for the Parties met and conferred regarding the instant Motion. (Declaration of Benjamin Kassis ("Kassis Decl.") ¶¶ 3–7.) During that conference, the parties stipulated that TEI would withdraw its pending Renewed Application without prejudice, subject to the Court's ruling on the instant Motion. (*Id.* ¶ 7.) TEI also conceded that it would not face any prejudice if the Court were to set aside the default. (*Id.*)

On August 5, 2026, the Parties filed their joint statement regarding the August 3, 2026 meet and confer conference on this Motion. (ECF No. 27.) The Parties also filed a joint stipulation regarding TEI's withdrawal of the Renewed Application without prejudice and the Parties' agreement that TEI would not face any prejudice due to setting aside the default. (ECF No. 28.) The Court entered an order on the stipulation the next day. (ECF No. 29.) Frogan now moves to set aside the default.

## III.    LEGAL STANDARD

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In the Ninth Circuit, "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC. v. Huntington Restaurants*

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

*Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). However, although "the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context[.]" *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010) (quoting *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009)); *see also Hawaii Carpenters' Trust Funds*, 794 F.2d at 513 ("[T]he standards for setting aside entry of default under Rule 55(c) are less rigorous than those for setting aside default [judgment].").

To determine "good cause," courts consider the following factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam)); *Mesle*, 615 F.3d at 1091.

There is a strong policy that cases should, "whenever possible, be decided on the merits." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *see Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995) ("The law does not favor defaults; therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party.").

## IV.    THE COURT SHOULD SET ASIDE THE DEFAULT.

Each of the three "good cause" factors for setting aside default heavily favors Frogan. Particularly as all doubts are resolved in favor of deciding cases on their merits, Frogan respectfully submits that the default against her should be set aside.

### A.    TEI Will Not Suffer Prejudice If the Default Is Set Aside.

The Court's removal of the default against Frogan would not cause any prejudice, as previously stipulated by TEI, and therefore this factor strongly favors setting aside the default against Frogan. (ECF Nos. 28, 29.)

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

**B.**     **Frogan Has Meritorious Defenses to TEI's Infringement Claim.**

Frogan has a meritorious fair use defense to TEI's infringement claim. Under "good cause" analysis, a defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds*, 794 F.2d at 513. Although a defendant seeking to set aside a default judgment "must present specific facts that would constitute a defense.... th[at] burden … is not extraordinarily heavy." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001) (internal citations omitted), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)). "The moving party need only assert a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage." *Audio Toys, Inc. v. Smart AV Pty Ltd.*, No. C 06-6298 SBA, 2007 WL 1655793, at *3 (N.D. Cal. June 7, 2007) (finding defendant "sufficiently asserted" meritorious defenses of lack of personal jurisdiction and insufficient service of process where it "put forth enough factual and legal grounds to sufficiently raise these defenses").

Here, Frogan clears this threshold decisively because Frogan has a strong fair use defense. In fact, this District has rejected TEI's same theory as to the same work on materially similar facts and entered judgment *against* TEI as a matter of law based on fair use, demonstrating Frogan certainly has a meritorious defense to TEI's claim.

**1.**     ***This District Has Already Held That Substantially Similar Allegations Establish Fair Use.***

TEI filed this action on June 19, 2025, and, the same day, filed *Ted Entertainment, Inc. v. Alexandra Marwa Saber, et al.*, No. 2:25-cv-05564-WLH-PD (C.D. Cal. 2025). Both complaints were filed by the same counsel, alleged infringement of the same underlying work, and advanced the same theory, *i.e.*, that a Twitch streamer's livestreamed reaction to The Nuke—which TEI arbitrarily characterizes as a "watch party" and a "group viewing session"—was not a fair use.

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

(Compl. ¶¶ 1–5, 62.b, 11; Request for Judicial Notice ("RJN") Ex. A ¶¶ 1–5.) Both complaints allege the defendant showed The Nuke in its entirety, interspersed sparse commentary, and profited from subscriptions, donations, and advertising. (*Id.*; *see also infra* § IV.B.2.) Thus, the complaints are, in substance, substantially similar.[2]

On June 29, 2026, Judge Wesley L. Hsu granted the defendant's motion for judgment on the pleadings on fair use grounds. *Saber*, 2026 WL 2140274, at *1, *9 (the "*Saber* Order").[3] The procedural posture of the *Saber* Order is particularly notable. Because the *Saber* defendant brought a motion under Rule 12(c), the court **accepted every one of TEI's factual allegations as true and construed them in TEI's favor**—yet, it *still* concluded that "**the fair use defense applies as a matter of law**." *Saber*, 2026 WL 2140274, at *2, *9 (emphasis added). In other words, the *Saber* court gave TEI the benefit of every factual allegation it chose to make, resolved every inference in its favor, and **still** found for the defendant.[4]

_____

[2] Local Rule 83-1.3.1 required TEI to "promptly file a Notice of Related Cases" where two actions in this District arise from the same event, present substantially similar questions of law and fact, or would duplicate judicial labor. Among other similarities, the instant action and *Saber* both arise from January 31, 2025 live reactions to The Nuke, name the same Doe defendants, and would place the same fair use defense as to the same work before two different judges of this District. (Compl. ¶¶ 42.b, 62.b, 11; RJN Ex. A ¶¶ 44.b, 70.b, 11.) The overlap thus extends well beyond the fact that both actions "involve the same . . . copyright." C.D. Cal. R. 83-1.3.1. TEI clearly recognized the relationship by seeking and obtaining judicial notice of this action's Complaint in *Saber*. *See Saber*, 2026 WL 2140274, at *2–3 n.4. Nonetheless, TEI did not file a Notice of Related Cases in either action.

[3] On August 4, 2026, TEI filed a notice of appeal from the judgment entered in *Saber*. However, the pending appeal that does not impact whether Frogan's fair use defense is meritorious because she "need only demonstrate facts or law showing the trial court that 'a sufficient defense is assertible.'" *TCI Grp.*, 244 F.3d at 700 (quoting *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)); *see also Hawaii Carpenters' Tr. Funds*, 794 F.2d at 513.

[4] Indeed, the *Saber* Order answers the same question before this Court now. Following entry of default, the well-pleaded allegations of a complaint—just as in a motion brought under Rule 12(b)(6) or 12(c)—are deemed admitted. *DIRECTV, Inc. v. Hoa*

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

The *Saber* court ran through the four factor test on fair use: (1) the purpose and character of the use, including whether such use is a of commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. *Id.* at *3 (citing *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443, 453 (9th Cir. 2020)).

On the first fair use factor, the *Saber* court found the streamer's use transformative, holding that her commentary bore the "telltale signs of transformative use," including a "further purpose or different character," and the use of the original as "raw material" rather than a repackaging of it. *Saber*, 2026 WL 2140274, at *4 (quoting *Dr. Seuss*, 983 F.3d at 453). In reaching its conclusion, the *Saber* court relied on *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34, 45 (S.D.N.Y. 2017)—in which TEI's principals were parties and prevailed on fair use grounds, and on which TEI's Complaint is expressly built (Compl. ¶¶ 1, 13–15)—together with *Equals Three, LLC v. Jukin Media, Inc.*, 139 F. Supp. 3d 1094, 1104 (C.D. Cal. 2015), and *Stebbins v. Alphabet Inc.*, No. 22-CV-00546-JSW, 2025 WL 2233208 (N.D. Cal. July 2, 2025), where livestreamed pause-and-critique commentary on a full-length video was held "highly transformative." *Saber*, 2026 WL 2140274, at *4 (citing *Stebbins*, 2025 WL 2233208, at *4).

As to the other factors, the *Saber* court found that (i) the transformative nature of the defendant's use outweighed the stream's commercial character, *Saber*, 2026 WL 2140274, at *6; (ii) the display of the entire work was reasonable to accomplish

---

*Huynh*, 503 F.3d 847, 854 (9th Cir. 2007); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Here, a court in this District has already held that TEI's allegations, so credited, establish fair use as a matter of law.

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

that purpose, *id.* at *7; and (iii) the livestream was not a market substitute, *id.* at *8–9. The court also rejected each of TEI's contrary arguments, including that "hate-watching" defeats transformative use and that fair use may be parsed passage by passage. *Id.* at *5–6 & n.7. Ultimately, the court concluded that "three of the four fair use factors strongly favor Defendant, including the most important factor (purpose and character of use)." *Id.* at *9.

### 2.   *TEI Pleads the Same Admissions Here As in Saber.*

The allegations the *Saber* court found insufficient to state an infringement claim appear in the Complaint against Frogan. Most importantly, TEI alleges "there are brief and fleeting moments when Frogan makes a ***highly transformative use*** of *The Nuke*," and that "[w]here *The Nuke* seeks to expose how Hasan radicalizes people online to be antisemitic and anti-Israeli, Frogan attempts to use The Nuke for the ***exact opposite purpose***: to radicalize her audience to be more antisemitic and anti-Israeli." (Compl. ¶ 62.l (emphasis added); *compare* RJN Ex. A ¶ 70.o ("Denims (albeit infrequently and inconsistently) makes a highly transformative use of *The Nuke*. Where *The Nuke* seeks to expose how Hasan radicalizes people online to be antisemitic and anti-Israeli, Denims attempts to use *The Nuke* for the exact opposite purpose: to radicalize her audience to be antisemitic and anti-Israeli, along with defending Hasan.").) That is the same allegation on which the *Saber* court held TEI had conceded away its overlapping-purpose theory and, with it, its theory of market substitution. *See Saber*, 2026 WL 2140274, at *5, *8.

Moreover, TEI admits that Frogan paused The Nuke to comment but complains only that "those moments frequently comprise of painfully pregnant pauses as Frogan struggles to find something to say." (Compl. ¶ 62.e & n.43.) Just as in *Saber*, TEI's quarrel is with the quality of Frogan's criticism, not its existence; however, "the fair use inquiry does not ask whether the criticism or parody of the copyrighted work is just or *accurate*, or mean-spirited . . . but simply whether the use is of the kind that copyright is designed to protect." *Weinberg v. Dirty World, LLC*, No. 16-9179, 2017

11
DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

WL 5665023, at *8 (C.D. Cal. July 27, 2017) (emphasis added) (quoted in *Saber*, 2026 WL 2140274, at *4).

The balance of TEI's allegations is materially the same as those pleaded in *Saber*: forty uninterrupted passages comprising roughly seventy percent of The Nuke (Compl. ¶ 62.c; *compare* RJN Ex. A ¶ 70.c (seventy-four passages, same seventy percent)); an allegedly "highly commercial" use (*id.* ¶ 62.n; *compare* RJN Ex. A ¶ 70.p); and allegations regarding the second, third, and fourth fair use factors that are, for practical purposes, verbatim (*id.* ¶¶ 63–65; *compare* RJN Ex. A ¶¶ 71–73). None of those allegations changed the result in *Saber* because the court held that the commercial character of the stream was heavily outweighed by its transformative nature, that the amount shown was reasonable to accomplish the transformative purpose of critical commentary, and that the livestream was not a market substitute for The Nuke. (*See Saber*, 2026 WL 2140274, at *6, *8.) And although the court found the second factor weighed against fair use, it observed that this factor "has not been terribly significant in the overall fair use balancing." *Id.* at *7 (quoting *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1402 (9th Cir. 1997)).

Nonetheless, Frogan need not definitively establish fair use now; she need only raise "a serious question regarding the propriety of a default judgment," "supported by a developed legal and factual basis." *Smith v. Compton*, No. CV 22-8439-MWF (BFMX), 2024 WL 3973028, at *3 (C.D. Cal. June 24, 2024) (quoting *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994)). An order granting judgment on the pleadings on the identical defense, as to the identical work, on substantially similar allegations drafted by the same plaintiff, is such a basis. *See, e.g.*, *Stuart v. Cnty. of Riverside*, No. 522CV00701SPGJEM, 2022 WL 19914302, at *3 (C.D. Cal. Oct. 31, 2022) (declining to weigh second factor against setting aside default even where the defendant offered only a "bare-bones argument," in light of the "preference for decisions on the merits").

12

### C.    <u>Frogan Did Not Engage in Culpable Conduct.</u>

Frogan's failure to respond to the complaint was not the result of "culpable" conduct. "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp.*, 244 F.3d at 697 (emphasis in original). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith[.]" *Mesle*, 615 F.3d at 1092; *see TCI Grp.*, 244 F.3d at 697–98 (even "[n]eglectful failure to answer" may not necessarily be culpable conduct where "the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process").

Indeed, courts "have 'typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is **no explanation** of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.'" *Mesle*, 615 F.3d at 1092 (alterations in original) (emphasis added) (quoting *TCI Grp.*, 244 F.3d at 698).

Here, Frogan did not make a conscious decision to ignore this action, and nothing in her conduct suggests a deliberate or bad faith failure to respond. Rather, Frogan first retained counsel in July 2025, within days of service of process (Niknia Decl. ¶ 3), and her counsel appeared and negotiated on her behalf by first stipulating with TEI to extend her responsive pleading deadline (ECF Nos. 13, 14) and engaging in settlement discussions with TEI from August 5, 2025 through April 20, 2026. (Frogan Decl. ¶ 5; *see* Bar-Nissim Decl. ISO Req. for Entry of Default ¶ 5, ECF No. 15-1.) Throughout that period, Frogan remained in regular communication with her attorney and understood her defense was being handled. (Frogan Decl. ¶ 5.) TEI does not contend otherwise. In the declaration supporting TEI's Request for Entry of Default, TEI's counsel describes eight months of negotiations between himself and

13

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Frogan's prior counsel, after which TEI gave Frogan three additional weeks to respond. (*See* Bar-Nissim Decl. ISO Req. for Entry of Default ¶ 5, ECF No. 15-1.)

When the negotiations failed, Frogan faced the prospect of litigating a federal copyright case through trial against a plaintiff seeking, at minimum, $150,000 from her. She had genuine uncertainty about whether she could fund that defense, and she spent part of the spring of 2026 working through what her options were. (Frogan Decl. ¶¶ 6–9.) Frogan does not suggest that her failure to file a responsive pleading was prudent; however, she does contend that it was neither devious nor deliberate, and her conduct before and after the default bears that out.

For instance, any "delay" by Frogan did not serve a purpose that the authorities treat as culpable because it did not secure Frogan an advantage over TEI, did not obstruct any ruling of this Court, and did not afford her any tactical position she did not already occupy. *See TCI Grp.*, 244 F.3d at 697–98. To the contrary, the delay produced only the default she now moves to set aside. In any event, Frogan did not gain any advantage from the passage of time, as the defense she presses rests on the allegations of TEI's Complaint and the Livestream that TEI lodged with the Court and incorporated therein, and requires neither discovery nor investigation to develop. (*See supra* § IV.B.)

By late April 2026, Frogan's previous counsel could no longer represent her in this matter due to existing professional obligations and caseload. (Niknia Decl. ¶ 4.) Immediately, she began researching replacement counsel who could represent her. (Frogan Decl. ¶ 6.) On May 8, 2026 (and a few days before TEI's newly imposed deadline), Frogan's former lawyer ended his engagement and representation of her in this matter. (Niknia Decl. ¶ 4.) On June 5, 2026 (and prior to TEI's Application being filed), Frogan contacted FROST LLP, which she had learned was representing the defendant in the *Saber* action. (Frogan Decl. ¶ 8.) Due to efforts to secure financing and other procedural hurdles, she could not retain her current counsel until July 9,

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

2026. (*See id.* ¶ 9.) Frogan did everything in her power to secure new representation so that she could actively litigate this case. (*Id.* ¶¶ 6–10.)

Courts in the Ninth Circuit have declined to find culpable conduct on comparable facts. *See, e.g.*, *GS Holistic, LLC v. One Stop Vape*, No. 222CV04628SVWAGR, 2023 WL 2627006, at \*1 (C.D. Cal. Feb. 23, 2023) (declining to find culpable conduct where defendants "were aware of the case," but "while seeking representation, tried to resolve the case informally"); *Olaplex LLC v. Groupon, Inc.*, No. CV 18-8641 PA (RAOX), 2019 WL 9042623, at \*2 (C.D. Cal. Mar. 28, 2019) (finding defendant "did not intentionally fail to appear" where its "credible explanation about the parties' prolonged settlement negotiations and [its]'s belief that its default would not be entered demonstrate the lack of an improper purpose."); *Harvey v. Peter Lang Pub., Inc.*, No. 09-01391 JSW, 2009 WL 2044701, at \*2 (N.D. Cal. July 9, 2009) (finding failure to timely respond was not culpable where defendant "believed the parties were engaged in informal discussions to resolve the matter and that it would hear from Plaintiffs' counsel again before any further action was taken," even though "the prudent course of action might have been to file an answer while attempting to resolve the matter informally"); *Hunter v. TBDC, LLC*, No. C-08-4158 EMC, 2009 WL 224958, at \*4 (N.D. Cal. Jan. 29, 2009) (finding "nothing to suggest that [defendant]'s admittedly conscious decision not to answer to the complaint was 'designed to obtain strategic advantage in the litigation'" and instead "a result of trying to settle the case without having to engage in litigation.").

Frogan's prior counsel pursued informal resolution with TEI for eight months, and Frogan set about finding replacement counsel immediately after she learned she would need it. (Frogan Decl. ¶ 6; Niknia Decl. ¶¶ 3–4.) At most, she was neglectful in failing to file a responsive pleading, but neglectful failure to answer is not culpable where the defendant offers a credible, good faith explanation. *TCI Grp.*, 244 F.3d at 697–98; *Old Republic Union Ins. Co. v. LiveOne, Inc.*, No. 2:24-CV-09759-ODW (AJRX), 2025 WL 1918669, at \*3 (C.D. Cal. July 10, 2025). Because doubts are

15

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

resolved in favor of the defaulting party, *Bonita Packing*, 165 F.R.D. at 614, and because Rule 55(c) is applied more liberally than Rule 60(b), *Mesle*, 615 F.3d at 1091 n.1, this factor also supports setting the default aside.

Even if Frogan's behavior can somehow be characterized as careless (which it is not), her conduct is analyzed in the context of the other factors. The Ninth Circuit has noted, "it is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Mesle*, 615 F.3d at 1092. Given the strength of Frogan's fair use defense (*see supra* § IV.B) and the fact that TEI has conceded that it faces no prejudice (ECF No. 29), a finding that Frogan's behavior was careless would still support a good faith determination to set aside the default.

Therefore, Frogan's ability to satisfy the other "good cause" factors along with the absence of evidence that there was bad faith ultimately supports setting aside the default.

## V.    CONCLUSION

For the foregoing reasons, Defendant Frogan respectfully requests that the Court grant this Motion and set aside the default entered by the Clerk on May 20, 2026.

16

DATED: August 14, 2026        Respectfully submitted,

                             FROST LLP

By:     */s/Benjamin Kassis*
       BENJAMIN KASSIS
       BENJAMIN GRUSH
       DAVID TIRATURYAN
       Attorneys for Defendant
       MORGAN KAMAL MAJED p/k/a
       FROGAN

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel of record for Morgan Kamal Majed p/k/a Frogan certifies that this brief contains 5,554 words, which complies with the word limit of L.R. 11-6.1. Counsel further certifies that this brief does not exceed 25 pages, which complies with Section 5(c) of this Court's Standing Order.

DATED: August 14, 2026                FROST LLP


By:      */s/Benjamin Kassis*
       BENJAMIN KASSIS
       Attorneys for Defendant
       MORGAN KAMAL MAJED p/k/a
       FROGAN

---

18

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

## CERTIFICATE REGARDING ARTIFICIAL INTELLIGENCE

The undersigned counsel of record for Morgan Kamal Majed p/k/a Frogan certifies that generative artificial intelligence was not used in the preparation of this document.

DATED: August 14, 2026                FROST LLP


By:     */s/Benjamin Kassis*
          BENJAMIN KASSIS
          Attorneys for Defendant
          MORGAN KAMAL MAJED p/k/a
          FROGAN

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court via the Court's CM/ECF system, which will automatically generate and send notice of this filing to all attorneys of record who have appeared in this case and who are registered users of the Court's CM/ECF system. Parties may access this filing through the Court's electronic filing system.

DATED: August 14, 2026          FROST LLP


By:      */s/Benjamin Kassis*
        BENJAMIN KASSIS
        Attorneys for Defendant
        MORGAN KAMAL MAJED p/k/a
        FROGAN

DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT