BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
BENJAMIN GRUSH (SBN 335550)
bgrush@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Defendant MORGAN
KAMAL MAJED p/k/a FROGAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TED ENTERTAINMENT, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN KAMAL MAJED p/k/a FROGAN, an individual, and DOES 1-10,<br><br>Defendant. | Case No. 2:25-cv-05565-JFW-MAA<br><br>*Hon. John F. Walter*<br><br>**DECLARATION OF BENJAMIN GRUSH IN SUPPORT OF DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND REQUEST FOR JUDICIAL NOTICE**<br><br><u>Hearing Information:</u><br>Judge:  Hon. John F. Walter<br>Date:    September 28, 2026<br>Time:    1:30 p.m.<br>Crtrm.:  7A<br><br>Action filed:    June 19, 2025 |

---

DECLARATION OF BENJAMIN GRUSH

**DECLARATION OF BENJAMIN GRUSH**

I, Benjamin Grush, declare as follows:

1.     I am an attorney licensed to practice before this Court, and am counsel with the law firm FROST LLP, attorneys of record herein for Defendant Morgan Kamal Majed p/k/a Frogan ("Defendant" or "Frogan"). I have personal knowledge of the facts stated herein and, if called upon to testify as a witness, I could and would competently testify thereto. I make this Declaration in support of Frogan's Motion to Set Aside Entry of Default (the "Motion") filed concurrently herewith.

2.     On June 5, 2026, FROST LLP received an inquiry from Frogan.

3.     Despite Frogan's efforts to move quickly to retain new counsel, Frogan retained FROST LLP to represent her in this litigation on July 9, 2026.

4.     On July 10, 2026, I e-mailed counsel for Plaintiff Ted Entertainment, Inc. ("TEI"), Mr. Rom Bar-Nissim, informing TEI that FROST LLP was retained to represent Frogan in this litigation. I also asked whether TEI would stipulate to set aside the default entered against Frogan.

5.     On July 13, 2026, Mr. Bar-Nissim responded to my e-mail asking for clarification on facts that support setting aside the default. Specifically, he asked whether there were facts that support a meritorious defense and lack of culpable conduct. Mr. Bar-Nissim wrote that with more information, TEI would be able to better evaluate the request and determine whether a stipulation or motion practice is necessary.

6.     The same day, I e-mailed Mr. Bar-Nissim back to schedule a phone call to discuss his questions. We set a call for later that day.

7.     During the call, Mr. Bar-Nissim and I discussed a potential stipulation to continue the date of the pending Application for Default Judgment that was scheduled for August 17, 2026 at 1:30 p.m. I also provided an explanation as to Frogan's fair use defense and the fact that courts in this District had found that there was no culpable conduct when the parties had engaged in settlement negotiations.

8. On July 14, 2026, I e-mailed Mr. Bar-Nissim case authority supporting the arguments for a finding of no culpable conduct and a draft of the joint stipulation. Mr. Bar-Nissim e-mailed me back quickly providing some notes on the stipulation and that he would review the cases that I sent him.

9. On July 17, 2026, I followed up with Mr. Bar-Nissim over e-mail to schedule a time to discuss further over the phone. Mr. Bar-Nissim responded fairly quickly and we scheduled a call for the following Monday, July 20, 2026.

10. On July 20, 2026, Mr. Bar-Nissim and I spoke over the phone regarding the pending Application for Default Judgment and the Motion to Set Aside Default. He told me that TEI would not stipulate to set aside the default. We discussed a possible briefing schedule. The same day Mr. Bar-Nissim e-mailed me a possible briefing schedule.

11. On July 21, 2026, I inquired about how the briefing schedule would work.

12. On July 23, 2026, I e-mailed Mr. Bar-Nissim about scheduling a L.R. 7-3 meet and confer in person for Frogan's anticipated Motion to Set Aside Default. We agreed to meet at the FROST LLP office on Friday, July 24, 2026 at 2:30 p.m.

13. On July 24, 2026, Mr. Bar-Nissim informed our office that he was not feeling well and could not meet us in person. He had pre-arranged travel and would not be able to meet until he returned August 3, 2026. Mr. Bar-Nissim also wrote that TEI would withdraw its pending Application for Default Judgment without prejudice pending the determination of Frogan's anticipated Motion to Set Aside Default.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of August, 2026, at Los Angeles, California.

/s/Benjamin Grush
Benjamin Grush

2
DECLARATION OF BENJAMIN GRUSH