BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
BENJAMIN GRUSH (SBN 335550)
bgrush@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Defendant MORGAN
KAMAL MAJED p/k/a FROGAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TED ENTERTAINMENT, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> MORGAN KAMAL MAJED p/k/a FROGAN, an individual, and DOES 1-10, <br><br> Defendant. | Case No. 2:25-cv-05565-JFW-MAA <br><br> *Hon. John F. Walter* <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT MORGAN KAMAL MAJED P/K/A FROGAN'S MOTION TO SET ASIDE ENTRY OF DEFAULT** <br><br> Hearing Information: <br> Judge:   Hon. John F. Walter <br> Date:     September 28, 2026 <br> Time:     1:30 p.m. <br> Crtrm.:  7A <br><br> Action filed:     June 19, 2025 |

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Defendant Morgan Kamal Majed p/k/a Frogan ("Defendant" or "Frogan") respectfully requests that, in connection with her concurrently filed Motion to Set Aside Entry of Default, the Court take judicial notice of the following records from the action entitled *Ted Entertainment, Inc. v. Alexandra Marwa Saber, et al.*, No. 2:25-cv-05564-WLH-PD (C.D. Cal. 2025) (the "*Saber* Action"):

1. The complaint, filed as ECF No. 1 in the *Saber* Action on June 19, 2025, attached as **Exhibit A** to the concurrently filed Declaration of Benjamin Kassis.

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it… can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Where "a party requests [judicial notice] and the court is supplied with the necessary information," the court "must take judicial notice," and it may do so "at any stage of the proceeding." Fed. R. Evid. 201(c)(2), (d).

Courts may take judicial notice of records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (courts "may take judicial notice of undisputed matters of public record, … including documents on file in federal or state courts." (internal citation omitted)); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (granting request for judicial notice of pleadings, memoranda, and other court filings); *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 942–43 (C.D. Cal. 2014) ("Court orders and filings are proper subjects of judicial notice.").

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT

Each of the foregoing documents is a record of a proceeding in this District, the accuracy of which "cannot reasonably be questioned," and is thus properly subject to judicial notice.

Exhibit A is the complaint in the *Saber* Action, which is offered for the fact that Plaintiff Ted Entertainment, Inc. ("TEI"), through the same counsel, filed a complaint in this District alleging infringement of the same work on materially the same theory it advances against Frogan, and naming the same Doe defendants, as well as for the content of those allegations as TEI framed them. It is not offered for the truth of any allegation about the *Saber* defendant.

Frogan requests judicial notice of the existence, filing, and legal effect of the record, and of the allegations, arguments, and rulings it sets forth. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Judicial notice of these records is particularly appropriate because they bear directly on the matters at issue in Frogan's Motion. *See Black*, 482 F.3d at 1041. The records establish that a court in this District, on materially identical allegations drafted by the same counsel, has already held that a reaction stream of the same work is fair use as a matter of law, which is directly relevant to whether Frogan has a meritorious defense under Federal Rule of Civil Procedure 55(c). Frogan does not ask the Court to resolve any disputed fact but only that it take notice that TEI filed the *Saber* complaint and of the allegations asserted therein, that Judge Hsu made his ruling and what he held, and that judgment was entered against TEI on its sole claim.

For the foregoing reasons, Frogan respectfully requests that the Court take judicial notice of Exhibit A to the concurrently filed Declaration of Benjamin Kassis for the purposes set forth above.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT

DATED:  August 14, 2026          FROST LLP

By:  _____/s/Benjamin Kassis_____
BENJAMIN KASSIS
BENJAMIN GRUSH
DAVID TIRATURYAN
Attorneys for Defendant MORGAN
KAMAL MAJED p/k/a FROGAN

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT