BENJAMIN KASSIS (SBN 298844)
ben@frostllp.com
BENJAMIN GRUSH (SBN 335550)
bgrush@frostllp.com
DAVID TIRATURYAN (SBN 350995)
david1@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Defendant
MORGAN KAMAL MAJED p/k/a
FROGAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

TED ENTERTAINMENT, INC., a California Corporation,

Plaintiff,

v.

MORGAN KAMAL MAJED p/k/a FROGAN, an individual, and DOES 1-10,

Defendant.

Case No. 2:25-cv-05565-JFW-MAA

(To Be Related To Case No. 2:25-cv-05564-WLH-PD)

*Assigned to: Hon. John F. Walter*

**NOTICE OF RELATED CIVIL CASES**

**[C.D. Cal. R. 83-1.3.1]**

Action Filed: June 19, 2025

FROST

**TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 83-1.3.1, Defendant Morgan Kamal Majed p/k/a Frogan ("Frogan") gives notice that this action is related to *Ted Entertainment, Inc. v. Alexandra Marwa Saber, et al.*, No. 2:25-cv-05564-WLH-PD (C.D. Cal.) ("*Saber*"), which is assigned to the Honorable Wesley L. Hsu and bears the lower case number.

Local Rule 83-1.3.1 makes it "the responsibility of the parties to promptly file a Notice of Related Cases" whenever two or more civil cases filed in this District:

> (a) arise from the same or a closely related transaction, happening, or event;
>
> (b) call for determination of the same or substantially related or similar questions of law and fact; or
>
> (c) for other reasons would entail substantial duplication of labor if heard by different judges.

C.D. Cal. R. 83-1.3.1. However, "[t]hat cases may involve the same … copyright does not, by itself, constitute a circumstance contemplated by (a), (b), or (c)." *Id.*

Regarding timing, "[t]he Notice must be filed at the time any case … appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to another." C.D. Cal. R. 83-1.3.1. Frogan was in default from May 20, 2026 until the Court set aside her default on the parties' stipulation on August 21, 2026. (ECF No. 34.) She, therefore, files this Notice promptly upon restoration of her ability to participate in this action.

***First***, the instant action and *Saber* arise from the same or a closely related happening or event, as demonstrated by the following similarities:

- Ted Entertainment, Inc. ("TEI") filed both actions on June 19, 2025, in this District, through the same counsel.
- Both actions concern livestreamed reactions to the same audiovisual work, *Content Nuke: Hasan Piker* ("The Nuke"), which TEI released on its


FROST

YouTube channel on January 31, 2025. (Compl. ¶¶ 38, 42.b; *Saber* Compl. ¶¶ 38, 44.b.)[1]

- Both broadcasts occurred on Twitch on January 31, 2025, within minutes of TEI's release of the work. (Compl. ¶¶ 10, 62.b; *Saber* Compl. ¶¶ 10, 70.b.)
- Both complaints allege the broadcast was highly commercial because the defendant received paid subscriptions, donations, and advertising revenue during the stream. (Compl. ¶ 62.n; *Saber* Compl. ¶ 70.p.)
- In both actions, TEI alleges the defendant made a "highly transformative use" of The Nuke for "the exact opposite purpose" from TEI's own. (Compl. ¶ 62.l; *Saber* Compl. ¶ 70.o.)
- Both actions name "The H3Snark Mods . . . comprised of Does Nos. 1-10" as Doe defendants. (Compl. ¶ 11; *Saber* Compl. ¶ 11.)
- Both actions allege that the same Doe defendants promoted the broadcasts on the same Reddit community, r/H3Snark, and then deleted the posts to conceal their conduct. (Compl. ¶¶ 42.a–c; *Saber* Compl. ¶¶ 44.a–d.)
- Both actions assert a second claim for contributory copyright infringement against those Doe defendants, premised on the same inducement posts. (Compl. ¶¶ 73–78; *Saber* Compl. ¶¶ 82–87.)
- Both actions allege that the H3Snark moderators coordinated to direct viewers away from TEI's release toward allegedly unauthorized broadcasts. (Compl. ¶ 43; *Saber* Compl. ¶ 45.)

***Second***, the instant action and *Saber* call for determination of the same or substantially similar questions of law and fact because each turns on whether a Twitch streamer's livestreamed reaction to The Nuke constitutes fair use under 17 U.S.C. § 107.

---

[1] For ease of reference, true and correct copies of the Complaint from this action and the complaint in *Saber* are attached hereto as **Exhibits A** and **B**, respectively.



FROST

TEI framed both actions identically because each complaint opens with the same paragraph asserting that TEI's owners "established the legal standard for fair use reaction videos in *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34 (S.D.N.Y. 2017)," that reaction videos interspersing "short segments of another's work with criticism and commentary" are fair use, and that videos "more akin to a group viewing session" are not. (Compl. ¶ 1; *Saber* Compl. ¶ 1.) Each complaint then alleges that the defendant hosted such a "group viewing session" timed to TEI's release that was shown in its entirety or nearly so, with insufficient commentary and for commercial gain. (Compl. ¶¶ 2, 4–5; *Saber* Compl. ¶¶ 2, 4–5.) Both complaints recite the same fair use authorities nearly verbatim and then devote more than twenty pages to applying them. (Compl. ¶¶ 44–65; *Saber* Compl. ¶¶ 46–63, 68–73.)[2]

***Third***, separate adjudication of these actions would entail substantial duplication of labor because resolving TEI's claim against Frogan would require this Court to repeat the analysis Judge Hsu has already completed.

In *Saber*, Judge Hsu received full briefing, heard oral argument, and examined the underlying livestream against The Nuke before applying each of the four statutory factors and issuing an opinion resolving the question. *Saber*, 2026 WL 2140274, at *1–9 (C.D. Cal. June 29, 2026). Moreover, Judge Hsu has already reviewed the materials specific to this action because, at TEI's request, he took judicial notice of "the complaint filed in *Ted Entertainment, Inc. v. Majed et al.* . . . and the allegations contained therein," as well as "the video of the watch party of The Nuke at issue in the *Majed* Action." *Id.* at *2–3 n.4.[3] Because the Complaint, The Nuke, and Frogan's

[2] The *Saber* court entered judgment against TEI on July 13, 2026, and TEI noticed an appeal on August 4, 2026. (*Saber*, ECF Nos. 49, 51.)

[3] TEI's counsel has also declared in this action that *Saber* "involved a watch party similar to the one at issue in this case," that the same Doe defendants "promoted that watch party of The Nuke as well," and that work he performed here to identify the Doe defendants became unnecessary because the same relief had been "authorized in

livestream reaction are the only materials necessary to adjudicate TEI's claim against Frogan, this Court would have to review the same pleading and the same footage that Judge Hsu has reviewed, against the same documentary he has already watched, and would then apply the same authorities he has already construed.

Accordingly, the overlap between these actions extends well beyond the fact that they "involve the same . . . copyright," C.D. Cal. R. 83-1.3.1, because they share, among other things, (i) a plaintiff; (ii) a filing date; (iii) livestreamed reactions to the same copyrighted work broadcast on Twitch on January 31, 2025; (vi) the same Doe defendants and alleged inducement post; and (v) the same legal theory and governing authorities.

DATED: August 24, 2026 FROST LLP

By: /s/Benjamin Kassis
BENJAMIN KASSIS
BENJAMIN GRUSH
DAVID TIRATURYAN
Attorneys for Defendant MORGAN KAMAL MAJED p/k/a FROGAN

---

the *Saber* Action." (Bar-Nissim Decl. ISO Renewed Appl. for Default J. ¶¶ 3, 12, ECF No. 19-2.)