Rom Bar-Nissim (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Plaintiff
Ted Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TED ENTERTAINMENT, INC., a California Corporation,

Plaintiff,

v.

MORGAN KAMAL MAJED p/k/a FROGAN, an individual, and DOES 1-10

Defendants.

Case No.: 2:25-cv-5565-JFW-MAA

[Assigned for all purposes to the Hon. John F. Walter]

**OBJECTION TO DEFENDANT'S NOTICE OF RELATED CIVIL CASES**

**[C.D. Cal. R. 83-1.3.3]**

Action Filed: June 19, 2025

Pursuant to Local Rule 83-1.3.3, Plaintiff Ted Entertainment, Inc. ("TEI") objects to the Notice of Related Cases (ECF #36) (the "Notice") of Defendant Morgan Kamal Majed p/k/a Frogan ("Majed").

The Notice is a transparent attempt by Majed to engage in judge shopping because she believes that the Honorable Wesley L. Hsu will be more favorable to her. For the reasons set forth below, this Court should not relate the present action with *Ted Entertainment, Inc. v. Saber et al.* (Case No. 2:25-cv-5564-WLH-PD) (the "*Saber* Action").

**The Notice is Untimely**: As Majed recognizes, a notice of related cases "must be filed at the time any case … appearing to relate to another is filed, or as soon thereafter as it reasonably should appear that the case relates to another." ECF #36, p. 2:17-19 (quoting C.D. Cal. R. 83-1.3.1). Majed claims she could not file her Notice earlier because she was in default from May 20, 2026 until August 21, 2026. *Id.*, p. p. 2:19-22. Tellingly, Majed does not state ***when*** she first became aware that the present action and the *Saber* Action may be related. This is because she knew about both cases long before the default period.

Majed was aware of the *Saber* Action since June 19, 2025 – *i.e.*, eleven months before entry of default. On that date, TEI released a widely viewed video announcing both the present action and the *Saber* Action (the "Announcement Video").[1] The description box for the Announcement Video also contained links to the complaints in the present action and *Saber* Action. The following day, Majed demonstrated she watched the Announcement Video – and therefore knew about both actions – by linking the video in her GoFundMe for her legal defense.[2] Further, in early August 2025, TEI's counsel discussed the *Saber* Action with Majed's prior counsel. Since Majed's prior counsel represented her from July 22,

[1] h3h3Productions, *I'm Suing These Three Creators* (June 19, 2025), *available at:* https://youtu.be/3yAiuEyJF-I?si=xWxgN_NFxsKGFuej

[2] *See* https://www.gofundme.com/f/frogans-lawsuit-defense-fund (scroll to the bottom of page after "Words of support" to see creation date).

2025 until late April 2026 (ECF #30-2, ¶¶ 2, 4; *see also* ECF #13), nothing prevented her from filing a notice of related cases long before entry of default on May 20, 2026.

Majed only decided to file the Notice ***after*** the June 29, 2026 order in the *Saber* Action (the "*Saber* Order"). The timing was no accident: Prior to the *Saber* Order, Majed's litigation strategy was to obtain default judgment because she believed TEI would be unable to prove damages[3] - as Majed's prior counsel stated to TEI's counsel. Her litigation strategy changed after the *Saber* Order. ECF #30-1, ¶¶ 8-9. Further evidencing Majed underwent a sudden change in strategy is ***when*** she first contacted her new counsel: June 5, 2026 (ECF #30-1, ¶ 8), which was one day after the public release of the tentative decision of the *Saber* Order on June 4, 2026. *Saber* Action ECF #42. Majed's delay in filing the Notice is attributable to gamesmanship – not because she was in default.

The Notice is also untimely because Judge Hsu closed the *Saber* Action on July 13, 2026 when he entered a final judgment. *Saber* Action, ECF #49. The *Saber* Action is thus no longer before the Central District of California and Judge Hsu lacks jurisdiction over that case because TEI filed its notice of appeal on August 4, 2026. *Saber* Action, ECF #51.

**The Cases Do Not Arise from the Same or Closely Related Transaction, Happening or Event**: The present action and *Saber* Action "arise from" two separate and independent events – *i.e.*, Majed's watch party of TEI's copyrighted work *Content Nuke: Hasan Piker* ("*The Nuke*") and Saber's watch party of *The Nuke*. *See* *Jordan-Benel v. Universal City Studios, Inc.*, 859 F.3d 1184, 1190 (9th Cir. 2017) (interpreting the "arising from" language from California's Anti-SLAPP statute as "conduct constitute[ing] the specific act of wrongdoing that gives rise to the claim.") (cleaned up).

[3] *See* https://www.reddit.com/r/h3h3productions/s/qRAHBVOoVj (video clip containing Majed's June 30, 2026 stream where she discusses default and default judgment from 0:42-1:47 and 5:11-5:31).

The allegations cited in the Notice fail to demonstrate that the present action and *Saber* Action "arise from the same or closely related transaction, happening or event." C.D. Cal. R. 83-1.3.1(a). The only thing the cases have in common is that they involve the same copyrighted work, but the fact "that cases may involve the same … copyright does not, by itself, constitute a circumstance contemplated by (a), (b), or (c)"). C.D. Cal. R. 83-1.3.1.

Majed fares no better by pointing to the allegations concerning the Doe Defendants. ECF #36, p. 3:11-21. The claims of contributory copyright infringement are predicated on two separate acts of alleged direct infringement: Majed's watch party of *The Nuke* and Saber's watch party of *The Nuke*. Again, the only thing those watch parties have in common is the copyrighted work which, as discussed above, is categorically insufficient to establish relatedness. Since the Doe Defendants have not been identified or served, there is no way to know who they are or the level of each's involvement in promoting Majed's watch party and/or Saber's watch party (if at all). As such, the presence of unidentified Doe Defendants cannot be a ground for relatedness. Regardless, since the *Saber* Action is now closed, TEI cannot pursue its claims of contributory infringement against the Doe Defendants in *Saber* Action.

To support her argument that both actions arise from the same transaction, happening or event, Majed quotes two allegations from both complaints out of context.[4] While TEI did allege both defendants engaged in excessive copying for any transformative purpose, whether there was an infringement or fair use turns on the specific actions of each individual defendant during their respective watch party of *The Nuke* – *e.g.*, how often did they comment, how extensive was their commentary, did their commentary have a critical bearing on the original, was the amount shown necessary for the commentary, how much of the original was shown, how long were the excerpts shown from the original, was the amount shown

[4] *Compare* ECF #36, p. 3:8-10 (quoting ECF #36-1, ¶ 62.n; 36-2 ¶ 70.p) *with* ECF #1, ¶ 62(l) (pages 59:11-17); ECF #36-2, ¶ 70(o) (pages 75:21-76:3).

necessary for the commentary and were they even present. Here, the complaints allege different uses, involving different actions, by different individuals, operating at different locations and using different internet channels. That the respective defendants' watch parties shared some characteristics does not make them "the same or closely related transaction, happening or event" for purposes of C.D. Cal. R. 83-1.3.1(a) any more than would two cases by the same plaintiff involving separate accidents caused by unrelated DUI drivers.

**The Cases Do Not Call for the Determination of the Same or Substantially Related or Similar Questions of Law and Fact**: The fact that both the present action and *Saber* Action require a fair use determination may, at most, involve similar questions of law – but ***not similar questions of fact*** – as they involved two separate and independent uses of *The Nuke*. Liability for each turns on the defendants' interactions with the video and their respective audiences.

Here, the facts are key to any legal determination on fair use because "each case raising the question must be decided on its own facts." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 560 (1985) (quoting H.R. Rep. No. 94-1476, p. 65 (1976)). "The fair use provision … requires an analysis of the specific 'use' of a copyrighted work that is alleged to be 'an infringement.'" *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 533 (2023). Fair use "is not to be simplified with bright-line rules" and requires a "case-by-case analysis." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994). Since "the Supreme Court has emphasized [that] the fair use inquiry is highly fact dependent," it means the doctrine is "not meant to be applied mechanically" but must be part of an overall "holistic inquiry." *Kadrey v. Meta Platforms, Inc.*, 788 F.Supp.3d 1026, 1035, 1037 (N.D. Cal. 2025).

The fact-sensitive nature of fair use is reflected in the case law applying the doctrine to reaction videos (like the ones alleged in these cases). As the court in *Hosseinzadeh v. Klein* recognized:

> [R]eaction videos … vary widely in terms of purpose, structure, and the extent to which they rely on potentially copyrighted material. Some reaction videos … intersperse short segments of another's work with criticism and commentary, while others are more akin to a group viewing session without commentary. Accordingly, the Court is not ruling here that all 'reaction videos' constitute fair use.

*Hosseinzadeh v. Klein*, 276 F.Supp.3d 34, 40 fn. 1 (S.D.N.Y. 2017).

Majed's argument focuses on a handful of allegations in both complaints – not the contents of the videos of her watch party and the watch party at issue in the *Saber* Action that were submitted as exhibits to their respective complaints. ECF #1-8; *Id.* #6, ¶ 1(c); *Saber* Action ECF #1-11; *Id.* #6, ¶ 1(e); *Id.* #34. Doing so would dispositively refute Majed's assertion that both cases "call for [the] determination of the same or substantially related or similar questions of law ***and*** fact." C.D. Cal. R. 83-1.3.1(b) (emphasis added).

**The Cases Do Not Entail Substantial Duplication of Labor if Heard by Different Judges**: Majed's argument on duplication of labor fails. First, she erroneously argues that "TEI's claim against [Majed] would require this Court to repeat the analysis Judge Hsu has already completed." ECF #36, p. 4:12-18. This argument is fallacious on its face: examining TEI's claim against Majed requires analyzing ***Majed's use*** of *The Nuke*, not Saber's. Majed argument treats fair use as a proverbial "one-size-fits-all t-shirt." As demonstrated above, it is not. Rather, fair use requires an individualized analysis of the specific use at issue – *i.e.*, Majed's use and not Saber's use.

Next, Majed argues that "Judge Hsu has already reviewed materials specific to this action because, at TEI's request, he took judicial notice of" the complaint in the present action and the video of Majed's watch party. ECF #36, pp. 4:18-5:4. Assuming *arguendo* that Judge Hsu actually reviewed every word of the complaint in the present action and watched the entirety of Majed's watch party, Judge Hsu never raised the issue of relating the present action with the *Saber* Action – let alone ordered the cases related *sua sponte*. In reality, it is uncertain that Judge Hsu

actually examined any of the judicially noticed materials. Besides the footnote cited by Majed, none of the judicially noticed materials – including the complaint in the present action and the video of Majed's watch party – were referenced in the *Saber* Order. *See* *Ted Entertainment, Inc. v. Saber*, 2026 WL 2140274 (C.D. Cal. June 29, 2026). And Judge Hsu certainly did not (and could not) rule on whether Majed's use of the video was infringement or fair use.

In sum, upon scrutinizing Majed's "justifications" for relating the present action with the *Saber* Action, it is readily apparent that she is engaging in judge shopping. Such gamesmanship should not be rewarded. Therefore, for the reasons set forth above, TEI respectfully requests this Court to not relate the present action with the *Saber* Action.

Dated: August 28, 2026

**HEAH BAR-NISSIM LLP**

By /s/ Rom Bar-Nissim
ROM BAR-NISSIM
Attorneys for Plaintiff Ted Entertainment, Inc.