Rom Bar-Nissim (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Plaintiff
Ted Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TED ENTERTAINMENT, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN KAMAL MAJED p/k/a FROGAN, an individual, and DOES 1-10<br><br>Defendants. | Case No.: 2:25-cv-5565-JFW-MAA<br><br>[Assigned for all purposes to the Hon. John F. Walter]<br><br>**PLAINTIFF'S RESPONSE TO THE AUGUST 31, 2026 ORDER TO SHOW CAUSE RE: DISMISSAL [ECF #38]**<br><br>Action Filed: June 19, 2025 |

Plaintiff Ted Entertainment, Inc. ("TEI") files the following response to the Court's August 31, 2026 Order to Show Cause re: Dismissal (ECF #38) (the "OSC"). TEI respectfully recognizes that this Court is of a different opinion regarding whether the present action is related to *Ted Entertainment, Inc. v. Saber et al.* (Case No. 2:25-cv-5564-WLH-PD) (the "*Saber* Action"). As set forth below and in the concurrently filed Declaration of Rom Bar-Nissim ("RBN Decl."), TEI has a good faith belief for its position that the cases are not related as set forth greater detail in its Objection to Defendant's Notice of Related Civil Cases (the "Objection"). ECF #37, pp. 3:19-7:11. TEI prays that this Court agrees and respectfully requests it discharge the OSC without issuing sanctions against TEI or dismissing the present action.

**Why TEI Believes the Cases Do Not Arise from the Same or Closely Related Transaction, Happening or Event**: TEI acknowledges that the present action and the *Saber* Action both involve claims of copyright infringement of TEI's copyrighted work *Content Nuke: Hasan Piker* ("*The Nuke*"). RBN Decl., ¶ 3(a). But this alone is insufficient for relatedness. C.D. Cal. R 83-1.3.1 (that "cases may involve the same … copyright does not, by itself, constitute a circumstance contemplated" for relatedness under the rule).

TEI considers the present action and the *Saber* Action not related because they involve separate and independent acts of alleged infringement, committed by separate individuals, involving separate uses of *The Nuke*, occurring at different locations and on separate internet channels. RBN Decl., ¶ 3(b); *see also* ECF #37, pp. 4:19-5:7. For these reasons, TEI does not believe that the claims of direct infringement in the present action and *Saber* Action arise from the same or closely related transaction, happening or event. RBN Decl., ¶ 3(b).

As to the claims of contributory infringement alleged against the Doe defendants in the present action and *Saber* Action, they are predicated on separate acts of alleged direct infringement as discussed above. RBN Decl., ¶ 3(c); *see also*

ECF #37, p. 4:7-18. Further, since TEI has not identified or served the Doe defendants, TEI does not know the Doe defendants' identities and the level of involvement of each in promoting the separate acts of alleged infringement. RBN Decl., ¶ 3(c); *see also* ECF #37, p. 4:7-18.

In sum, TEI has a good faith belief for its position that the present action and the *Saber* Action did not arise from the same or closely related transaction, happening or event. RBN Decl., ¶ 3; *see also* ECF #37, pp. 3:19-5:7.

**Why TEI Believes the Cases Do Not Call for the Determination of the Same or Substantially Related or Similar Questions of Law and Fact**: TEI recognizes that both cases would involve a similar question of law – *i.e.*, fair use. RBN Decl., ¶ 4(a); ECF #37, pp. 5:8-6:12. TEI's position is that both cases do not share similar questions of fact because both cases involve two separate and independent uses of *The Nuke*. RBN Decl., ¶ 4(a); ECF #37, pp. 5:8-6:12.

As explained in the Objection (ECF #37, pp. 5:14-6:6), when it comes to determining fair use, the Supreme Court is clear: "each case raising the question must be decided on its own facts." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 560 (1985) (quoting H.R. Rep. No. 94-1476, p. 65 (1976)). "The fair use provision … requires an analysis of the specific 'use' of a copyrighted work that is alleged to be 'an infringement.'" *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 533 (2023). Fair use "is not to be simplified with bright-line rules" and requires a "case-by-case analysis." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994). Since "the Supreme Court has emphasized [that] the fair use inquiry is highly fact dependent," it means the doctrine is "not meant to be applied mechanically" but must be part of an overall "holistic inquiry." *Kadrey v. Meta Platforms, Inc.*, 788 F.Supp.3d 1026, 1035, 1037 (N.D. Cal. 2025).

The fact-sensitive nature of fair use is reflected in the case law applying the doctrine to reaction videos (like the ones alleged in both cases). As the court in

*Hosseinzadeh v. Klein* recognized:

> [R]eaction videos … vary widely in terms of purpose, structure, and the extent to which they rely on potentially copyrighted material. Some reaction videos … intersperse short segments of another's work with criticism and commentary, while others are more akin to a group viewing session without commentary. Accordingly, the Court is not ruling here that all 'reaction videos' constitute fair use.

*Hosseinzadeh v. Klein*, 276 F.Supp.3d 34, 40 fn. 1 (S.D.N.Y. 2017).

TEI's position that the both cases are not related is rooted in the fact that each case must separately examine: (1) how often did each defendant comment; (2) how extensive was their commentary; (3) did their commentary have a critical bearing on the original; (4) was the amount shown necessary for the commentary; (5) how much of the original was shown; (6) how long were the excerpts shown from the original; (7) was the amount shown necessary for the commentary; (8) were both even present; and (9) other facts as well. RBN Decl., ¶ 4(b) *see also* ECF #37, pp. 4:19-5:7. Given the fact sensitive nature of the fair use inquiry, TEI has a good faith basis for its belief that the present action and *Saber* Action do not involve the determination of the same, substantially related or similar questions of fact. RBN Decl., ¶ 4(c).

**Why TEI Believes the Cases Would and Do Not Entail Substantial Duplication of Labor if Heard by Different Judges**: TEI's belief that there would not be substantial duplication of labor if each action is heard by separate judges is rooted in the justifications provided above – *i.e.*, that each case requires an individualized fair use analysis. RBN Decl, ¶ 5 *see also* ECF #6, pp. 6:13-7:11.

TEI respectfully recognizes that this Court is of a different opinion on whether the present action and *Saber* Action are related. TEI prays that, in light of reasons set forth above and in the concurrently filed declaration of Rom Bar-Nissim, this Court recognizes that there is a good faith basis for TEI's position. Therefore, TEI respectfully requests that this Court discharge the Order to Show Cause without issuing sanctions against TEI or dismissing the present action.

Dated: September 3, 2026

**HEAH BAR-NISSIM LLP**

By /s/ Rom Bar-Nissim
ROM BAR-NISSIM
Attorneys for Plaintiff Ted Entertainment, Inc.