Rom Bar-Nissim (SBN: 293356)
Rom@HeahBarNissim.com
**HEAH BAR-NISSIM LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.432.2836

Attorneys for Plaintiff
Ted Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TED ENTERTAINMENT, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN KAMAL MAJED p/k/a FROGAN, an individual, and DOES 1-10<br><br>Defendants. | Case No.: 2:25-cv-5565-JFW-MAA<br><br>[Assigned for all purposes to the Hon. John F. Walter]<br><br>**DECLARATION OF ROM BAR-NISSIM IN SUPPORT OF PLAINTIFF'S RESPONSE TO THE AUGUST 31, 2026 ORDER TO SHOW CAUSE RE: DISMISSAL [ECF #38]**<br><br>Action Filed: June 19, 2025 |

# DECLARATION OF ROM BAR-NISSIM

I, Rom Bar-Nissim, do hereby state and declare as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California and in the Central District of California. I am a parter at the law firm of Heah Bar-Nissim LLP and counsel of record for plaintiff Ted Entertainment, Inc. ("TEI") in the above-referenced action. I have personal knowledge of the facts contained in this declaration and, if called and sworn as a witness, I could and would competently testify thereto. I make this declaration in support of TEI's Response to the August 31, 2026 Order to Show Cause Re: Dismissal [ECF #38].

2. I am responsible for the drafting and filing of the complaint and civil cover sheet in the present action and the action entitled *Ted Entertainment, Inc. v. Saber et al.* (Case No. 2:25-cv-5564-WLH-PD) (the "*Saber* Action"). While I respectfully recognize that this Court disagrees, I do not believe that the present action and the *Saber* Action are related within the meaning of Local Rule 83-1.3.1. The reasons for that belief are set forth more fully in TEI's Objection to Defendant's Notice of Related Civil Cases (ECF #37, pp. 3:19-7:11). Those reasons are also summarized below.

3. The reasons for my belief that the present action and the *Saber* Action do not arise from the same or closely related transaction, happening or event are summarized below:

a. The present action and the *Saber* Action involve claims of copyright infringement of TEI's copyrighted work *Content Nuke: Hasan Piker* ("*The Nuke*"). Local Rule 83-1.3.1 states that the fact that both cases share the same copyright is not grounds for relatedness. Therefore, the fact that both cases involved alleged infringement of *The Nuke* did mean both actions arose from the same or closely related transaction, happening or event.

b. Each case involved separate and independent acts of alleged

infringement, committed by separate individuals, involving separate uses of *The Nuke*, occurring at different locations and on separate internet channels. These are the reasons why I do not believe that the claims of direct infringement in the present action and *Saber* Action arise from the same or closely related transaction, happening or event.

c. The claims of contributory infringement alleged against the Doe defendants in both actions are predicated on separate acts of alleged direct infringement. Further, I do not know the Doe defendants' identities and the level of involvement of each in promoting the separate acts of alleged infringement. These are the reasons for my belief that the claims of contributory infringement in the present action and *Saber* Action do not arise from the same or closely related transaction, happening or event.

d. Since the only thing both cases share in common was the copyrighted work at issue, it is my belief the present action and the *Saber* Action arose from the same or closely related transaction, happening or event – though I respectfully recognize that this Court disagrees.

4. The basis for my belief that the present action and *Saber* Action do not call for the determination of the same or substantially related or similar questions of law and fact are summarized below:

a. I recognized that both the present action and the *Saber* Action would involve a similar question of law – *i.e.*, fair use – but not of fact because both cases involved two separate and independent uses of *The Nuke.*

b. The Supreme Court has repeatedly emphasized that fair use must be determined on its own facts. Since the cases involved two separate uses, it requires separate factual determinations of: (1) how often did each defendant comment; (2) how extensive was their commentary; (3) did their commentary have a critical bearing on the original; (4) was the amount shown necessary for the commentary; (5) how much of the original was

shown; (6) how long were the excerpts shown from the original; (7) was the amount shown necessary for the commentary; (8) were both even present; and (9) other facts as well.

c. My belief that the present action and *Saber* Action do not involve the determination of the same, substantially related or similar questions of fact is rooted in the fact-sensitive nature of the fair use inquiry. Rather, the only similar fact is that both the present action and the *Saber* Action involve allegations of infringement of *The Nuke* – which cannot serve as a basis for relatedness.

5. The basis for my belief that the present action and the *Saber* Action would not entail substantial duplication of labor if heard by different judges is because both cases would require a separate and individualized analysis of each use.

I declare under penalty of perjury that the contents of this declaration are true and correct. Executed this 3rd day of September 2026, in Los Angeles, California.

*/s/ Rom Bar-Nissim*

Rom Bar-Nissim